[Docket No. 40.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JOHN VALENTINE and VALENTINE'S FARM, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MONROE TOWNSHIP, a Municipal Corporation for the State of New Jersey; SALVATORE "SKIP" TORMARCHIO; TARA PARK n/k/a TARA NELMS; RICHARD DILUCIA, Mayor of Monroe Township; RALPH MANFREDI; STEVEN D'AMICO; ROSEMARY FLAHERTY, Fictitious defendants John Does 1-5 and Jane Does 1-5, <br><br> Defendants. | Civil No. 22-4384 (RMB/MJS) <br><br> *Consolidated with Civil No. 22-5562* <br><br><br> **OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge:**

Plaintiffs John Valentine and Valentine's Farm ask this Court to accept their first amended complaint in this civil rights lawsuit against Defendants Monroe Township, Tara Park n/k/a Tara Nelms, Richard Dilucia, Steven D'Amico, Salvatore "Skip" Tormarchio, Ralph Manfredi, and Rosemary Flaherty. Plaintiffs claim they fixed many of the problems the Court identified as the reasons the Court dismissed their first Consolidated Complaint. Defendants ask this Court to reject Plaintiffs' request, arguing Plaintiffs have not cured any of those deficiencies, and so, they are not entitled to amend.

The Court agrees with Defendants. For the below reasons, the Court **DENIES** Plaintiffs' Motion to Amend, **DISMISSES** their federal claims **WITH PREJUDICE**, and declines to exercise supplemental jurisdiction over their state-law claims.

I. BACKGROUND

The parties are familiar with the facts and procedural history of these matters, and the Court will not recite them. The Court incorporates its earlier decision on Defendants' motions to dismiss in full. *Valentine v. Monroe Twp.*, 2023 WL 5664282, at *1-6 (D.N.J. Aug. 31, 2023). The Court writes solely for the parties.

**A. The First Dismissal of Plaintiffs' Consolidated Complaint**

In its Consolidated Complaint, Plaintiffs brought, among other things, several Section 1983 claims alleging Defendants committed many constitutional infractions ranging from denying Plaintiffs equal protection under the law to violating their procedural and substantive due process rights. *Valentine*, 2023 WL 5664282, at *5. Plaintiffs also brought New Jersey Civil Rights Act (NJCRA) and Civil RICO Act claims against Defendants. *Id.*

Defendants moved to dismiss that Consolidated Complaint which the Court granted. In doing so, the Court found many of Plaintiffs' constitutional claims out-of-time based on the statute of limitations. *Id.* at *9. The Court dismissed all federal claims and the NJCRA claim based on allegations that occurred before July 1, 2020 as time-barred. *Id.* For the remaining federal claims that were timely, the Court dismissed them for failure to state a claim. *Id.* at *9-12. For example, the Court dismissed Plaintiffs' equal protection claims based on selective enforcement because Plaintiffs failed to show Defendants treated them differently from similarly situated individuals. *Id.* at *10. As another example, the Court found Plaintiffs' substantive due process claims failed because the Complaint had no allegations showing Defendants' conduct "shock[ed] the conscience" to support such a claim. *Id.* at *11. Finally, the Court declined to exercise supplemental jurisdiction over Plaintiffs' New Jersey Civil RICO Act claim because Plaintiffs failed to state a plausible federal claim. *Id.* at *12.

But the Court also observed some deficiencies in that state-law claim, such as Plaintiffs' "fail[ure] to plead, with specificity," any fraudulent conduct the state RICO law prohibited. *Id.*

While the Court dismissed Plaintiffs' Consolidated Complaint, the Court did so without prejudice so Plaintiffs could amend their pleading. *Id.* at *13. The Court granted Plaintiffs leave to amend, but with instructions to comply with Local Rule of Civil Procedure 15.1 (Rule 15.1) when moving to amend. [Docket No. 36.] The Court also advised Plaintiffs that if they failed to plead a plausible federal claim, the Court would lack jurisdiction over any of their state-law claims. [*Id.*] Finally, the Court cautioned Plaintiffs that their "failure to comply with the Court's directive shall result in the issuance of an order dismissing [their] federal claims, with prejudice, and [the Court would decline] to exercise supplemental jurisdiction over [their] state law claims." [*Id.*]

### B. Plaintiffs' Motion to Amend

With the Court's leave, Plaintiffs move to amend their Consolidated Complaint purportedly amending the pleading to address many of the problems the Court previously found.[1] [Mot. to Amend Consolidated Compl. (Docket Nos. 40-5 to 40-9).] Plaintiffs annexed a proposed "First Amended and Supplemental Complaint" (FAC) to their moving papers. [Docket No. 40-9.] They did not, however, include a copy of the FAC showing the changes, additions, or deletions from the Consolidated Complaint as required by Rule 15.1 and this Court's earlier order. Plaintiffs offer only a few sentences to support their motion to amend: (1) no party would suffer prejudice if Plaintiffs are allowed to amend because

---

[1] At the same time, Plaintiffs moved to file their motion to amend out-of-time. [Docket No. 40.] The Court granted that motion and deemed their motion to amend as "timely filed." [Docket No. 41.]

Defendants "have not answered the Complaint"; (2) the FAC "does not change the essential nature of the Complaint" because the proposed pleading "adds additional information to support the violations of rights described in the . . . [Consolidated Complaint]"; and (3) the FAC is "intended to bring the Complaint in line with" the Court's decision on Defendants' motions to dismiss. [Pls.' Mem. of Law in Supp. of Mot. to Amend 3 (Pls.' Br.) (Docket No. 40-6).]

Defendants All oppose Plaintiffs' motion to amend. They first argue Plaintiffs have not complied with Rule 15.1 because they did not include a redlined version of the FAC showing the changes to the Consolidated Complaint. [Monroe Twp. Defs.' Letter Br. in Opp'n to Pls.' Mot. to Amend (Monroe Defs.' Br.) 2-3 (Docket No. 44); Defs. Tormarchio's, Manfredi's, and Flahtery's Letter Br. in Opp'n to Pls.' Mot. to Amend (Ind. Defs.' Br.) 2-3 (Docket No. 43).] Next, they contend Plaintiffs' FAC just rehashes the same federal and state-law claims the Court dismissed as time-barred. [Monroe Defs.' Br. at 4; Ind. Defs.' Br. at 3.] They also contend Plaintiffs have ignored this Court's directives by just regurgitating their Consolidated Complaint's allegations and have alleged no new facts to support a federal claim. [Monroe Defs.' Br. 3-4; Ind. Defs.' Br. at 3.] The Monroe Defendants dig deeper, arguing the FAC's new allegations about Plaintiffs' November 2022 application for a temporary greenhouse, which a zoning officer denied, does not state a plausible federal claim. [Monroe Defs.' Br. at 3.] The Monroe Defendants explain those new allegations do not cure any of the deficiencies the Court previously identified. [*Id.* at 3-4.]

Plaintiffs have not filed any reply brief in support of their motion to amend or any other responsive paper.

## II. DISCUSSION

Federal Rule of Civil Procedure 15 allows a party to amend a pleading after losing the right to amend "as a matter of course" and without the opposing party's consent only if the court allows it. Fed. R. Civ. P. 15(a). Courts will "freely give leave [to amend] when justice so requires." *Id.* at –15(a)(2). "A court may, however, deny a motion to amend where it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 378 (D.N.J. 2023) (citation and internal quotation marks omitted). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted under the standard of Federal Rule of Civil Procedure 12(b)(6)." *El v. Marino*, 722 F. App'x 262, 265 (3d Cir. 2018) (citation and internal quotation marks omitted). And by Rule 12(b)(6), courts will dismiss a complaint if the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

An amendment to a complaint asserting an out-of-time claim would be futile because a time-barred claim is subject to dismissal for failure to state a claim. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) (finding district court "did not err in dismissing the complaint without providing [plaintiff] with an opportunity to amend her complaint, because any such amendment would be futile" because plaintiff's claims "were time-barred and subject to dismissal"); *see also Berk v. Hollingsworth*, 2019 WL 6696288, at *2 (D.N.J. Dec. 9, 2019) ("Adding to the futility of permitting the proposed amended complaint to proceed is

5

the fact that many of the alleged claims are barred by the statute of limitations for *Bivens* claims").

By Rule 15.1, a party seeking to amend a complaint must include in its motion papers "a 'red-lined' version [of the pleading] delineating the precise amendments the movant seeks to make." *Murray v. Cty. of Hudson*, 2021 WL 2221398, at *3 (D.N.J. June 2, 2021) (citing L.Civ.R.15.1(a)(2)). Rule 15.1's purpose "is to give the Court and the parties a chance to evaluate the sufficiency of the proposed amended pleading." *Leoncini v. Feinstein*, 2019 WL 1261404, at *3 (D.N.J. Mar. 18, 2019) (citations omitted). Said another way, Rule 15.1's requirements help courts and the parties figure out, "What's changed?" "Failure to comply with Rule 15.1 'complicates this Court's review of the relevant documents and, in and of itself, is in error significant enough to warrant denial of Plaintiff's motion [to amend].'" *Cianelli v. Nourison Indus.*, Inc., 2020 WL 4882500, at *2 (D.N.J. Aug. 20, 2020) (quoting *Lax v. City of Atl. City*, 2019 WL 7207472, at *6 (D.N.J. Dec. 27, 2019)).

### A. Plaintiffs Failed to Comply with Rule 15.1

When Plaintiffs moved to amend, they never annexed a proposed FAC showing redlined changes to the Consolidated Complaint. That failure alone is enough to deny their motion to amend. *See, e.g.*, *Murray*, 2021 WL 2221398, at *4 (denying motion for leave to amend because plaintiff failed to comply with Rule 15.1); *see also Brooks-McCollum v. Emerald Ridge Serv. Corp.*, 563 F. App'x 144, 147-48 (3d Cir. 2014) ("Failure to supply a draft amended complaint is an adequate basis for denying leave to amend.").

In any event, the Court has undertaken the laborious task of comparing the FAC to the Consolidated Complaint to determine what, if anything, Plaintiffs have changed.[2] As best

---

[2] The Court notes the FAC is over 50 pages long and contains close to 400 paragraphs. [Docket No. 40-9.]

6

the Court can tell, Plaintiffs have not added much substance to the FAC. Plaintiffs have merely moved around paragraphs of the pleading. According to Plaintiffs, they have added "[c]ertain allegations . . . not necessarily for alleging a cause of action, but for the purpose of showing a continuing pattern and practice of discrimination that is intentional and motivated by improper influence." FAC ¶ 7. They go onto explain they added certain allegations occurring before July 2, 2022 "because the New Jersey RICO Statute has a four-year statute of limitations." *Id.* ¶ 8. As for new allegations, Plaintiffs claim they applied for a temporary greenhouse in November 2022 which a zoning officer denied claiming Plaintiffs "needed a lot grading plan or waiver." *Id.* ¶¶ 142-48. According to Plaintiffs, the zoning officer's denial was a pretext for harassment. *Id.* ¶ 144. Plaintiffs claim that they did not need a lot grading plan because "[t]here is not lot grading plan requirement for a farm." *Id.* ¶ 145.

The Court will analyze Plaintiffs' motion to amend given the changes in their pleading the Court can identify. In conducting this analysis, this Court is mindful that its jurisdiction is based on federal question given Plaintiffs' Section 1983 claims. 28 U.S.C. § 1331. If the Court finds Plaintiffs have not stated a plausible federal claim, the Court lacks subject matter jurisdiction over this matter and must dismiss it. *Person v. Burlington Cnty. Jail*, 2023 WL 1779522, at *1 (D.N.J. Feb. 6, 2023) (explaining "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action" (alteration in original) (quoting Fed. R. Civ. P. 12(h)(3))).

**B. The Court denies Plaintiffs' Motion to Amend because the amendment is futile**

For starters, the Court reiterates its earlier finding that any of "Plaintiffs' claims arising under Section 1983 and the NJCRA [based on] allegations occurring prior to July 1, 2020[] are time-barred." *Valentine*, 2023 WL 5664282, at *9. Nothing in the FAC or Plaintiffs' papers

7

persuades the Court to change its earlier ruling. Thus, the Court disregards those allegations to determine whether Plaintiffs have stated a plausible federal claim. For the timely asserted allegations Plaintiffs pled in the Consolidated Complaint, the Court again finds Plaintiffs have not cured the deficiencies the Court identified in its last decision. *Id.* at *9-12. The Court finds those allegations do not state a plausible federal claim for the reasons the Court already expressed. *Id.*

Turning to Plaintiffs' new allegations on their application for a temporary greenhouse in November 2022, *see* FAC ¶¶ 142-48, the Court finds those allegations insufficient to state a plausible Section 1983 claim under Plaintiffs' chosen theories. For Plaintiffs' Section 1983 claim based on a violation of the Equal Protection Clause, Plaintiffs have again failed to show that Defendants "intentionally treated [them] differently from others similarly situated." *PG Publ'g Co. v. Aichele*, 705 F.3d 91, 114 (3d Cir. 2013) (citations omitted); *see also Solan v. Zickefoose*, 530 F. App'x 109, 111 (3d Cir. 2013) (affirming dismissal of plaintiff's equal protection claim because plaintiff "has failed to identify any other prisoner who has computer expertise and has been sanctioned for computer misuse while incarcerated who has nevertheless been permitted to use prison e-mail"). As the Court observed earlier, Plaintiffs offer no allegation of similarly situated individuals who Defendants treated differently with regards to land use. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (dismissing plaintiffs' equal protection claim based on class-of-one theory where plaintiff failed to demonstrate the existence of similarly situated individuals who defendant treated differently).

Onto their Section 1983 claims based on procedural and substantive due process violations, Plaintiffs' new allegations on the temporary greenhouse application are not

8

enough to support such claims. Defendants' alleged denial of Plaintiffs' temporary greenhouse application, even if erroneous, does not "shock the conscience" to support a substantive due process claim. *Dotzel v. Ashbridge*, 306 F. App'x 798, 801 (3d Cir. 2009) (holding disagreements about zoning rules "do not 'shock the conscience'" (quoting *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285-86 (3d Cir. 2004))). Even viewed with other timely allegations, the FAC does not plausibly state a substantive due process claim. *See Highway Materials, Inc. v. Whitemarsh Twp.*, 386 F. App'x 251, 258 (3d Cir. 2010) (affirming dismissal of substantive due process claim, and reasoning defendants' actions—refusal to cooperate with landowner, improper application of township ordinances, differential treatment, and active effort to deny landowner the opportunity to develop its land—may violate state law but "simply do not shock the conscience"). Likewise, and as explained before, the FAC "states no plausible violation of Plaintiffs' procedural due process." *Valentine*, 2023 WL 5664282, at *12.

Having viewed the FAC in the light most favorable to Plaintiffs, the Court finds Plaintiffs have still not pled a plausible federal claim. It appears to the Court that Plaintiffs' amendments sought to bolster their New Jersey Civil RICO Act claim—not their Section 1983 claims. FAC ¶ 8. Without a federal claim, this Court lacks subject matter jurisdiction, and so, the Court dismisses this action. Fed. R. Civ. P. 12(h)(3).

The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims for the reasons the Court already expressed. *Valentine*, 2023 WL 5664282, at *12-13. The Court dismisses those state-law claims without prejudice. *See, e.g.*, *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).

9

### III.  CONCLUSION

For the above reasons, the Court **DENIES** Plaintiffs' Motion to Amend (Docket No. 40) and **DISMISSES** Plaintiffs' federal claims **WITH PREJUDICE**.   The Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims and dismisses them **WITHOUT PREJUDICE.**

An accompanying Order of today's date shall issue.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge

Dated: June 20, 2024